**In re Tim BRAULICK, and Amy Braulick, Debtors.**

**No. 06–60620–13.**

United States Bankruptcy Court, D. Montana.

Nov. 13, 2006.

Gary S. Deschenes, Great Falls, MT, for Debtors.

Kirk D. Evenson, Marra, Sexe, Evenson & Bell, Great Falls, MT, Charles J. Peterson, Mackoff Kellogg Law Firm, Dickinson, ND, for Creditors.

## MEMORANDUM OF DECISION

RALPH B. KIRSCHER, Bankruptcy Judge.

At Butte in said District this 13th day of November, 2006.

In this Chapter 13 case, the Trustee, Robert G. Drummond, of Great Falls, Montana ("Trustee"), filed an objection, docket no. 15, on September 11, 2006, to the Debtors' amended claims of exemption in their homestead and in Debtor Tim Braulick's Montana Deferred Compensation Plan, as described in Debtors' notice

of amendment, docket no. 12. On September 20, 2006, Debtors, through their attorney, Gary S. Deschenes, of Great Falls, Montana, filed a response and requested a hearing for October 19, 2006. At the hearing held on October 19, 2006, the Trustee appeared and withdrew his objection to Debtors' homestead exemption, stating that it was cured by Debtors' amendment to their Schedules, but the Trustee continued to object to Debtors' claimed exemption in the described Montana Deferred Compensation Plan and requested time for the parties to file a brief. By stipulation, the parties agreed that Exhibit ("Ex.") A, a copy of Debtor Tim Braulick's Montana Deferred Compensation Plan, could be offered and admitted as an exhibit. The Court admitted Ex. A. Docket no. 26. No witnesses testified and no other exhibits were offered or admitted. Debtors' counsel agreed that no disputed facts exist and that the objection involves a matter of law. Counsel agreed that confirmation of Debtors' Chapter 13 Plan depends on the outcome of the objection to exemption. Based on the representations of counsel the Court vacated the hearing on both matters. The Court granted the parties until November 9, 2006, to file their briefs, docket nos. 31 and 32, together with any uncontested facts, on the Trustee's objection to exemption in the Montana Deferred Compensation Plan, after which the matter would be taken under advisement, a decision rendered and a new date set for the hearing on confirmation. The briefs have now been filed and this matter is ready for a decision.

For the reasons set forth below, the Court determines that the Trustee's objection to the exemption claimed by Debtors in the Montana Deferred Compensation is moot. The Debtors will be granted time to filed amended Schedules B and C and a new date will be set for a confirmation hearing on Debtors' chapter 13 plan, or any amendment thereto.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) concerning allowance or disallowance of an exemption from property of the estate. This memorandum of decision includes the Court's findings of fact and conclusions of law.

### STATEMENT OF FACTS

The Court recites the following facts contained in Trustee's brief in support of his objection to the exemption in the Montana Deferred Compensation Plan claimed by Debtors:

1. Tim and Amy Braulick filed their Bankruptcy case under Chapter 13 in the Bankruptcy Court for the District of Montana on August 1, 2006 (Docket No. 1).

2. This Court entered an Order granting the Debtors' Motion to Extend Deadline to File Schedules or Provide Required Information on August 17, 2006 (Docket No. 5).

3. On August 24, 2006, the Debtors filed their bankruptcy schedules, Statement of Financial Affairs, Statement of Intent and summary of schedules (Docket No. 7).

4. When the Debtors filed their schedules, their Schedule C claimed exemptions including a $200,000 homestead exemption.

5. On August 29, 2006, the Debtors filed a Notice of Amendment, amending Schedules B and C and summary of schedules (Docket No. 12).

6. The Trustee objected to the Debtors' claimed exemptions on September 11, 2006 (Docket No. 15). The Trustee objected to the Debtors' claim of exemption in their homestead ($200,000) and objected to the Debtors claim of exemption in the Montana Deferred Compensation Plan.

7. The Debtors' Amended Schedule C claimed exemptions in the Debtors' home ($200,000) and claimed an exemption in the Montana Deferred Compensation Plan. The Debtors claimed their exemption [in the Montana Deferred Compensation Plan] pursuant to M.C.A. § 19–2–1004 and M.C.A. § [2]5–13–608(i). The total value of the claimed exemptions is $5,920.99.

8. It is undisputed the Debtors claim of exemption relates to a Montana Deferred Compensation Plan. The objection to the Debtors' homestead was resolved by further amendment filed September 20, 2006 (Docket No. 17).

9. Hearing on the Trustee's Objection to Property Claimed as Exempt was held on October 19, 2006. Exhibit A was marked and admitted without objection. Exhibit A consists of the Debtors' State of Montana Deferred Compensation Plan.

10. Exhibit A demonstrates that the plan is authorized pursuant to Title 19, Chapter 50 of the Montana Code Annotated.

Debtors submitted the following facts in their brief: Debtor Tim Braulick is a driver with the Great Falls Transit system and is included in the Public Employees Retirement System under chapter 3 of Title 19, MCA.

### CONTENTIONS

The Trustee contends that the Montana Deferred Compensation Plan is a benefit payable from a government deferred compensation plan described pursuant to MONTANA CODE ANNOTATED ("MCA.") §§ 19–50–101 to –50–204. He further contends that as the plan is described under §§ 19–50–101 to –50–204 no exemption for a governmental deferred compensation plan exists under MCA §§ 19–2–1004 and 25–13–608.

Debtors contend that as Debtor Tim Braulick is a driver with the Great Falls Transit system and is included in the Public Employees Retirement System under chapter 3 of Title 19, MCA, the government deferred compensation plan of which he is a participant, described in Chapter 50 of Title 19, MCA, is included in the term "plan" referred to in MCA § 19–2–1004, as incorporated in MCA § 25–13–608(1)(i).

### DISCUSSION

■ In reviewing Debtors' schedules, Ex. A, the facts, the briefs and the applicable law, the Court concludes both parties missed the essential issue in this contested matter. Before a property may be claimed exempt under the exemption provisions of either the federal exemptions allowed under 11 U.S.C. § 522(d), or the State exemptions identified under MCA § 31–2–106 and allowed as a consequence of the State opt out permitted under 11 U.S.C. § 522(b)(3)(A), the property claimed exempt must be property of the bankruptcy estate. 11 U.S.C. § 522(b)(1). If the payments and fund are property of the estate, then is an exemption available.

■ Property of the estate is defined under 11 U.S.C. § 541(a)(1). Section 541(a)(1) includes in the bankruptcy estate all legal or equitable interests of the debtor in property at the commencement of the case, and to determine whether and the extent to which a debtor has a legal or equitable interest in property a court must look to applicable state law. *In re McLouth*, 268 BR 244, 19 Mont. B.R. 272, 277 (D.Mont.2001). However, exclusions and exceptions exist to this expansive and inclusive definition of property. *See* 11 U.S.C. §§ 541(b) and 541(c)(2). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) amended 11 U.S.C. § 541 and added § 541(b)(7) by stating:

(b) Property of the estate does not include—

(7) any amount—

(A) withheld by an employer from the wages of employees for payment as contributions—

\* \* \*

(i) to—

(II) a deferred compensation plan under section 457 of the Internal Revenue Code of 1986;

\* \* \*

except that such amount under this subparagraph shall not constitute disposable income as defined in section 1325(b)(2); or

\* \* \*

(B) received by an employer from employees for payment as contributions—

(i) to—

(II) a deferred compensation plan under section 457 of the Internal Revenue Code of 1986;

\* \* \*

except that such amount under this subparagraph shall not constitute disposable income, as defined in section 1325(b)(2)[.]

■ The parties have agreed that it is undisputed that Debtors claim of exemption relates to a Montana Deferred Compensation Plan. Ex. A further confirms that fact by stating in the second "whereas" of the plan on page 1: "Whereas, pursuant to Title 19, Chapter 50 of the Montana Code Annotated, and Section 457 of the Internal Revenue Code of 1986, as amended, the Plan Document was subsequently restated to comply with the Code[.]" Further the plan specifically provides for a trust, a trust fund, and trustees. The plan provides under Section 18.02 Rights., the following:

(a) Except as provided in Section 9.12 [family law orders] and Section 18.02(b) [unpaid tax assessments], the rights of Participants and Beneficiaries under this Plan shall not be subject to the rights of their creditors, and shall be exempt form execution, attachment, prior assignment or any other judicial relief or order for the benefit of creditors or other third person, except to the extent benefit distributable under Article IX [benefits] is subject to a federal tax levy.

Debtors' deferred compensation plan is authorized by MCA § 19–50–102. Such section provides in pertinent part:

(1) The state or a political subdivision may establish deferred compensation plans that are eligible under section 457 of the Internal Revenue Code, 26 U.S.C. 457, as amended, and in compliance with regulations of the U.S. department of treasury. Eligible deferred compensation plans for employees may be established in addition to any retirement, pension, or other benefit plan administered by the state or a political subdivision.

The plan provisions under Section 7.01, 7.02 and 7.03 confirm the trust status, the trust fund and the trust fund compliance with 26 U.S.C. § 457(g), and name the trustee.

The amendments by BAPCPA to 11 U.S.C. § 541(b)(7) require this Court to conclude that any plan contributions withheld by the employer or paid by the employee to the employer for Debtors' deferred compensation plan is not property of Debtors' bankruptcy estate. The authors of COLLIERS ON BANKRUPTCY provide the following analysis of the new language of § 541(b)(7):

As enacted, this provision broadly excludes from "property of the estate" funds "withheld by an employer from the wages of employees" as contributions to specified types of employee-benefit plans, deferred compensation plans

and tax-deferred annuity plans. It seems intended to protect amounts withheld by employers from employees that are in the employer's hands at the time of filing bankruptcy, prior to remission of the funds to the plan.

5 COLLIER ON BANKRUPTCY, ¶ 541.22C[1] (15th ed. rev.). This Court concludes that 11 U.S.C. § 541(b)(7) excludes from the property of the estate any amounts withheld by the employer or paid by the employee for a deferred compensation plan that qualifies under 26 U.S.C. § 457 prior to the remission of such amounts to the deferred compensation fund, and such amounts further do not constitute disposable income under 11 U.S.C. § 1325(b)(2).

■ The remaining issue involves whether the prepetition amounts held in the deferred compensation fund are property of the estate under 11 U.S.C. § 541(a)(1). This Court concludes that 11 U.S.C. § 541(c)(2) applies, rendering the Trustee's objection to the amounts held in the deferred compensation fund moot. "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). The U.S. Supreme Court interpreted this provision in *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). Although *Patterson* involved an ERISA-qualified plan and may be distinguishable on that basis, the analysis is applicable. "In our view, the plain language of the Bankruptcy Code and ERISA is our determinant. (citation omitted). Section 541(c)(2) provides the following exclusion from the otherwise broad definition of 'property of the estate' contained in § 541(a)(1) of the Code: 'A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under *applicable nonbankruptcy law* is enforce-

able in a case under this title.' " The *Patterson* court read "applicable nonbankruptcy law" to "include federal as well as state law." *Id.* at 2246, 112 S.Ct. 2242. The supreme court concluded that the antialienation provision of the ERISA-qualified plan involved in *Patterson* "constitute[d] an enforceable transfer restriction for purposes of § 541(c)(2)'s exclusion of property from the bankruptcy estate." *Id.* at 2248. BAPCPA did not amend 11 U.S.C. § 541(c)(2). The deferred compensation plan provisions applicable under Sections 7.01, 7.02 and 7.03 confirm the trust status, the trust fund and the trust fund compliance with 26 U.S.C. § 457(g), and name the trustee. Further the deferred compensation plan contains antialienation provisions under Section 18.02. The *Patterson* analysis is applied by analogy as a governmental deferred compensation fund is "excluded from coverage by ERISA. 29 U.S.C. § 1003(b)(1). The Plan is intended to be a deferred compensation plan under 26 U.S.C. § 457." *In re Domina,* 274 B.R. 829, 833 (Bankr. N.D.Iowa 2002). As noted above, the deferred compensation fund for Braulick is subject to numerous provisions that require trust provisions and restrictions on transfers. This Court concludes the MCA §§ 19–50–101 to –50–204, and 26 U.S.C. § 457(g) are applicable nonbankruptcy law that create enforceable restrictions on the Debtor Tim Braulick's transfer of his beneficial interest. Debtors' interest in the deferred compensation fund is not property of Debtors' estate. Consequently, this Court is not required to rule on the exemption issue as to amounts that are withheld by the employer or received by the employer from the employee and are not yet remitted to the deferred compensation fund and to contributions that have been remitted to the fund.

The Court further notes that even if it concluded the deferred compensation fund

was property of the Debtors' estate, which it does not do, BAPCPA amended 11 U.S.C. §§ 522(b)(3)(C) and 522(b)(4) and created an exemption for certain retirement and deferred compensation funds under the federal exemptions and preempted State exemptions even if the State had opted out of the federal exemptions. The following analysis from COLLIERS ON BANKRUPTCY on the BAPCPA amendments is instructive:

> To expand the protection of certain tax-exempt retirement plans, Congress created as part of the 2005 Act a category of exemption rights that may be exercised by the debtor even if the debtor's state has opted out of the federal exemption scheme. In addition to exemptions under the laws of the debtor's state, the debtor is entitled to exempt under section 522(b)(3)(C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457 or 501(a) of the Internal Revenue Code. These sections of the Internal Revenue Code deal with pension, profit-sharing and stock bonus plans; employee annuities; individual retirement accounts ("IRAs"); deferred compensation plans of state, local government and tax-exempt organizations; and certain trusts.

> The 2005 Act also provides that retirement funds may be exempted under section 522(b)(3)(C) in the same manner that such funds are exempt under section 522(d)(12). If the debtor's retirement funds are in a retirement fund that has received a favorable determination under section 7805 of the Internal Revenue Code, and that determination is in effect as of the date the petition is filed, the funds are presumed to be exempt for purposes of section 522(b)(3)(C). If such funds are in a retirement fund that has not received a favorable tax determination, they are exempt if the debtor demonstrates that:

> —no prior unfavorable determination has been made by a court or the Internal Revenue Service, and

> —the retirement fund is either in substantial compliance with applicable requirements of the Internal Revenue Code, or

> —the debtor is not materially responsible for any failure of the retirement fund to be in substantial compliance with applicable requirements of the Internal Revenue Code.

> In addition, retirement funds that are directly transferred from a tax-exempt fund or account continue to qualify for exemption under section 522(b)(3)(C). The debtor's exemption rights under section 522(b)(3)(C) also continue to apply to any distribution that qualifies as an eligible rollover distribution within the meaning of section 402(c) of the Internal Revenue Code, or an amount that is a distribution from a fund or account exempt from taxation under section 401, 403, 408, 408A, 414, 457 or 501(a) of the Internal Revenue Code, and is deposited to the extent allowed in such a fund or account not later than 60 days after the distribution of such amount.

> Section 522(n) imposes a $1 million cap on the aggregate value of assets that an individual debtor may claim as exempt property under section 522(b)(3)(C) in individual retirement accounts established under either section 408 or 408A (Roth IRA) of the Internal Revenue Code, other than a simplified employee pension account under section 408(k) or a simple retirement account under section 408(p) of the Internal Revenue Code. This dollar limit does not apply to amounts in the IRA that are attributable to rollover .contributions, and any earn-

ings thereon, made under sections 402(c), 402(e)(6), 403(a)(4), 403(a)(5) and 403(b)(8) of the Internal Revenue Code. Section 522(n) also provides that the monetary cap may be increased "if the interests of justice so require."

Unlike sections 522(b)(3)(A) and (B), the category of exempt property provided for in section 522(b)(3)(C) is determined by federal bankruptcy law. Therefore, the debtor's right to exempt retirement funds under section 522(b)(3)(C) should prevail over any conflicting state exemption laws.

4 COLLIER ON BANKRUPTCY, ¶ 522.10[8] (15th ed. rev.).

Pursuant to the foregoing the Court will issue a separate order providing as follows:

IT IS ORDERED that the Trustee's objection to Debtors' claimed exemption in the Montana Deferred Compensation Plan is overruled as moot; Debtors shall amend on or before November 20, 2006, their Schedules and summary to list the asset on Schedule B but that the Montana Deferred Compensation Plan is excluded[1] as property of the estate and to exclude it from Schedule C; and a hearing on Debtors' chapter 13 plan is scheduled for December 14, 2006, at 10:00 a.m., or as soon thereafter as counsel can be heard, in the 3RD FLOOR COURTROOM, POST OFFICE BUILDING, 215 1ST AVENUE NORTH, GREAT FALLS, MONTANA; that Debtors shall file an amended plan, if one is required, on or before November 27, 2006; that any objections to any amended plan must be filed by December 6, 2006, and that Debtors shall submit a copy of any amended plan to all creditors together with notice of the date and time of the confirmation hearing and the date by which objections to any plan must be filed with the Court; and shall file a certificate with the Court of such mailing and service.

---

1. Debtors must be careful in excluding any asset owned by Debtors. Debtors may be well-advised to list the alleged excluded asset and state the reason why the asset is excluded from the property of the estate on Schedules A and B so trustees and creditors are given notice and have the opportunity to inquire with the Debtors to confirm whether any argument exists the alleged excluded asset may in fact be property of the estate. Debtors certainly want to disclose and not conceal any asset, even if it is determined not to be property of the estate. See In re Mohring, 142 B.R. 389, 394 (Bankr.E.D.Cal.1992) (sufficient detail must be provided for assets scheduled and exempted in Schedules A, B and C).